UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOREEN LYNE,

           Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

           Defendant.

CASE NO. C16-0643RSM

ORDER GRANTING EAJA FEES

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs. Dkt. #19. The Commissioner opposes the motion on the basis that her position was substantially justified. Dkt. #21. For the reasons set forth below the Court disagrees with the Commissioner, and GRANTS Plaintiff's motion.

## II. BACKGROUND

On November 27, 2012, Plaintiff filed an application for disability insurance benefits ("DIB"), alleging disability as of January 21, 2011. *See* Dkt. #10, Administrative Record ("AR") 12. The application was denied upon initial administrative review and on reconsideration. *See* AR 12. A hearing was held before ALJ Tom L. Morris on September 18, 2014. AR 12. In a decision dated October 31, 2014, the ALJ determined Plaintiff to be not disabled. AR 12-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making

the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintained the ALJ erred by: (1) incorrectly weighing the medical opinion evidence; (2) failing to consider the results of a CDIU investigation; (3) incorrectly assessing plaintiff's credibility; and (4) incorrectly weighing the lay witness testimony. Dkt. #12 at 1.

On November 17, 2016, U.S. Magistrate Judge David W. Christel issued his Report and Recommendation ("R&R") in this matter, recommending that it be reversed and remanded for further administrative proceedings. Dkt. #16. Judge Christel found that the ALJ had erred in evaluating certain medical opinions, and that the ALJ had erred in failing to consider the results of a CDIU investigation. Dkt. #16 at 3-11. There were no objections to the R&R, and this Court adopted it on December 2, 2016.

### III. DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for EAJA attorney fees: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" must exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990).

The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). The burden is on the government to prove substantial justification. *Flores*, 49 F.3d at 569. In evaluating the government's position, the Court must look at both the underlying government conduct and the positions taken by the government during the litigation. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the court need not consider whether the government's litigation position was substantially justified. *Id.* at 872.

"The government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). However, a finding that the agency decision was not supported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)); *Meier*, 727 F.3d at 872 (same).

In this motion, the Commissioner asserts that her position on appeal was justified because a medical opinion's consistency with the record is a proper factor to consider when evaluating what weight to give the opinion, it was reasonable for the Commissioner to argue that the existence of inconsistencies led the ALJ to question the credibility of the challenged medical opinions, and even though the Commissioner conceded that the ALJ erred in failing to discuss the CDIU report, it was harmless error. Dkt. #21 at 3-4.

In his R&R, Judge Christel concluded that the ALJ erroneously assessed some of the medical evidence, disregarding it for reasons that were not specific and legitimate. Specifically, Judge Christel noted the following:

- the ALJ's conclusory statement finding Dr. Lawrence's opinion inconsistent with the medical records was insufficient because it provides no details to assess the basis for the ALJ arriving at this conclusion;

- the ALJ failed to explain why Dr. Lawrence's observations were not credible;

- the ALJ's decision discounting Dr. Lawrence's assessment as based on Plaintiff's subjective complaints was not a specific and legitimate reason to discount Dr. Lawrence's opinion;

- the fourth reason the ALJ offered to discount Dr. Lawrence's medical opinion was not specific and legitimate or supported by substantial evidence;

- for the same reason the ALJ erred in his treatment of Dr. Lawrence's medical opinion, the ALJ erred in his treatment of Dr. Brown's and Dr. Huseby's medical opinions;

- the medical records Dr. Staley reviewed to arrive at his opinion included Dr. Lawrence's opinion, and therefore because the Court had already found the ALJ erred in evaluating Dr. Lawrence's opinion, the ALJ should also reevaluate the medical opinion of Dr. Staley; and

- the results of the CDIU investigation constituted significant probative evidence the ALJ must consider, particularly where, as here, the results support some of Plaintiff's allegations of social isolation and disabling symptoms, and therefore the ALJ erred in failing to discuss the report.

Dkt. #16 at 3-11. The Court acknowledges that its decision finding the ALJ erred is not alone sufficient to demonstrate an absence of substantial justification, *Kali*, 854 F.2d at 334; however, those errors constitute a strong indication that the government's underlying position was not substantially justified, and this is not the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (9th

Cir. 2005) (quotation omitted). Indeed, the government makes no effort in its response to demonstrate as much. *See* Dkt. #21.

Since the government's underlying position was not substantially justified, the Court need not discuss the validity of the government's litigation position. *Meier*, 727 F.3d at 872-73.

## IV.   CONCLUSION

Having reviewed Plaintiff's motion and the opposition thereto, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Attorney's Fees (Dkt. #19) is GRANTED.
2. Subject to any offset allowed under the Treasury Offset Program, payment for attorneys' fees in the amount of $6,859.41 and costs in the amount of $46.56 shall be made via check to Francisco Rodriguez, and mailed to him at P.O. Box 31844, Seattle, WA 98103.

DATED this 12th day of April, 2017.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE